**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DUSTIN KNIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-00100-JPG |
| ) | |
| NURSE MARALYNN RYNOLDS, ) | |
| WILLIAMSON COUNTY JAIL, ) | |
| and BENNIE VICK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Dustin Knight, a detainee at Williamson County Jail ("Jail"), brings this action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, he challenges a delay in his criminal proceedings and unconstitutional conditions of his pretrial confinement at the Jail. (*Id*. at 6). Plaintiff seeks money damages. (*Id*. at 7). He filed this lawsuit without prepaying the $402.00 filing fee for the action or filing a motion for leave to proceed *in forma pauperis* ("IFP motion").[1] Because of the potentially urgent nature of his claim for unconstitutional conditions of confinement, the Court will take up this matter without delay.[2]

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a

---

[1] Plaintiff remains obligated to *either* prepay the full filing fee of $402.00 or file a properly completed IFP motion by March 1, 2021. (*See* Doc. 2). He is again **WARNED** that his failure to do so by the deadline may result in dismissal of the action. FED. R. CIV. P. 41(b).

[2] Should Plaintiff require interim injunctive relief, he may file a separate "Motion for Temporary Restraining Order and/or Preliminary Injunction Pursuant to Federal Rule of Civil Procedure 65" *at any time during the pending action*.

1

claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  The allegations are liberally construed at this stage.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In the Complaint, Plaintiff alleges that "they" violated his constitutional rights three times by "not getting [him] before a judge." (*Id.* at 6).  He does not elaborate. (*Id.*).

Nurse Rynolds then subjected him to unconstitutional conditions of confinement. (*Id.*).  Inmates were tested for COVID-19 using the "same equipment for everyone," and staff did not wear masks. (*Id.*).  After twelve inmates on Plaintiff's block tested positive, Nurse Rynolds did not separate them from inmates who tested negative, including Plaintiff. (*Id.*).  In fact, inmates who tested positive were actually moved into the same cells with inmates who tested negative. (*Id.*).  All inmates remained together for the next fourteen days, without access to showers, phones, laundry, or clean jumpsuits. (*Id.*).

## Discussion

Based on the allegations, the Court finds it convenient to designate two counts in the *pro se* Complaint:

> **Count 1:**   Defendants violated Plaintiff's constitutional rights by "not getting [him] before a judge" on three occasions.
>
> **Count 2:**   Defendants violated Plaintiff's constitutional rights under the Fourteenth Amendment by subjecting him to unconstitutional conditions of pretrial confinement that included fourteen days of exposure to inmates who tested positive for COVID-19 and the denial of access to showers, laundry, and phones.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Preliminary Dismissals**

To state a claim under Section 1983, a plaintiff must allege that a person acting under color of state law committed a violation of rights secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988). Plaintiff names Williamson County Jail and Benny Vick as defendants in the case caption, but he does not mention either one in the statement of his claim. Merely invoking the name of a potential defendant in the case caption is insufficient to state a claim against that defendant. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Plaintiff must briefly describe what each defendant did, or failed to do, in violation of his rights. Absent any allegations to this effect against Williamson County Jail and Benny Vick, the Court deems it appropriate to dismiss both defendants without prejudice from this action.

**Count 1**

In connection with Count 1, Plaintiff mentions no defendant. He alludes to a delay in "getting . . . before the judge." (Doc. 1, p. 6). This allegation is far too vague to support a claim against any particular person for a violation of Plaintiff's rights under federal law. The single allegation fails to satisfy the standard set forth in *Twombly*, which requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570. It also violates the pleading standard described in Rule 8 of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). For these reasons, Count 1 shall be dismissed without prejudice.

**Count 2**

In connection with Count 2, Plaintiff has alleged conditions that suffice to state a claim against Nurse Rynolds. Plaintiff asserts that this defendant exposed him to COVID-positive inmates while also denying him access to showers, laundry, and phones for fourteen days. His

claim for unconstitutional conditions arises under the Fourteenth Amendment Due Process Clause, if he was a pretrial detainee at the time. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013)). The allegations suggest that he was a detainee. As such, he was entitled to be free from conditions that "amount to punishment." *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). A condition constitutes punishment, "if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless." *Id*. (quoting *Bell*, 441 U.S. at 538-39). The allegations suggest that Nurse Rynolds knowingly and purposefully subjected Plaintiff to conditions of confinement that amounted to punishment under the Fourteenth Amendment Due Process Clause. As such, Count 2 shall proceed against Nurse Rynolds.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A. **COUNT 2** survives screening against Defendant **RYNOLDS** in her individual capacity. **Pursuant to Administrative Order No. 244, Defendant Rynolds need only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim for relief.

**IT IS ORDERED** that Defendants **WILLIAMSON COUNTY JAIL** and **BENNY VICK** are **DISMISSED** without prejudice because the Complaint fails to state a claim for relief against them.

With regard to **COUNT 2**, the Clerk of Court shall prepare for Defendant **MARALYNN RYNOLDS** (individual capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to

mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is filed and granted. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

5

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/2/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.