# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUSTIN KNIGHT, | ) |
|        Plaintiff, | ) |
| vs. | ) Case No. 21-cv-00100-JPG |
| MARILYN REYNOLDS, | ) |
|        Defendant. | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

On January 28, 2021, Plaintiff Dustin Knight filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 to complain of a delay in his criminal proceedings and unconstitutional conditions of pretrial confinement at Williamson County Jail. (Doc. 1). On the same date, the Court entered a Notice and Order advising Plaintiff of his ongoing obligation to notify the Court of any address changes within seven (7) days of the change. (Doc. 2). The Order states, "[Y]ou are advised that if your address changes, you must notify the Court within seven days of the change by filing a Notice of Change of Address. Failure to do so could result in the dismissal of your case." (*Id*.). Plaintiff was again reminded of his continuing obligation to advise the Court of any address changes in the Order for Service of Process entered February 2, 2021. (Doc. 4, p. 5).

After the Court screened the Complaint pursuant to 28 U.S.C. § 1915A (Doc. 4) and entered an Initial Scheduling Order (Doc. 22), Plaintiff's mail was returned to the Court undeliverable in late March 2021. (*See* Docs. 17 and 24). Therefore, on April 21, 2021, the Court entered the following show cause order:

> ORDER TO SHOW CAUSE: Plaintiff was advised of his continuing obligation to keep the Clerk of Court informed of any change in his address and that failure to timely update his address could result in dismissal of this action for want of prosecution. (*See* Docs. 2 and 4). One or more documents mailed to Plaintiff by the Court has been returned undeliverable. (*See* Docs. 17 and 24). Plaintiff is hereby ORDERED to SHOW CAUSE on or before MAY 5, 2021, why this action should not be dismissed based on his failure to comply with the Court's

1

Orders at Docs. 2 and 4 to update his address and for failure to prosecute his claims. FED. R. CIV. P. 41(b). Plaintiff is WARNED that failure to respond to this Order will result in dismissal of the action with prejudice. The Clerk is DIRECTED to transmit a copy of this Order to Show Cause to Plaintiff at the address he most recently provided to the Court.

(Doc. 25). To comply with the show cause order, Plaintiff was required to update his address and/or explain why this case should not be dismissed for non-compliance with the Order. (*Id.*). The deadline for doing so was May 5, 2021.

That deadline passed. Plaintiff failed to respond to the show cause order or notify the Court of his address change. He also failed to request an extension of the deadline for doing so.

On May 6, 2021, the Court entered a notice of impending dismissal to warn Plaintiff that this action will be dismissed with prejudice, if he does not respond to the show cause order by the extended deadline of May 20, 2021. (*See* Doc. 26). Plaintiff failed to respond to the show cause order and notice of impending dismissal. Once again, he did not seek an extension of the deadline.

The Court has received numerous items addressed to Plaintiff and returned to the Court undeliverable since entry of the notice of impending dismissal. (*See* Docs. 19, 22-23, 25, 27-29). This includes the Order to Show Cause. (Doc. 25). In fact, Plaintiff has not communicated with the Court since February 11, 2021. (*See* Doc. 11).

The Court will not allow this matter to linger indefinitely. This action will be dismissed with prejudice based on Plaintiff's failure to comply with the Orders at Documents 2 and 4 and the show cause orders at Documents 25 and 26. *See* FED. R. CIV. P. 41(b). The dismissal shall <u>not</u> count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

## Disposition

**IT IS ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with the Court's Orders at Documents 2 and 4 to notify the Court of any address changes, to comply with the Court's Orders to Show Cause at Documents 25 and 26, and to prosecute his claims in this case. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson*

*v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal does <u>not</u> count as one of Plaintiff's three allotted "strikes" within the meaning of Section 1915(g).

**IT IS ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 5/24/2021**                                             s/J. Phil Gilbert
                                                                 **J. PHIL GILBERT**
                                                                 **United States District Judge**